# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

STEPHANIE GORDON,

        Plaintiff,

vs.

CITY OF HENDERSON,
HENDERSON POLICE DEPARTMENT,

        Defendants.

2:19-cv-01045-APG-VCF

**ORDER**

APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS [ECF NO. 1] AND COMPLAINT [ECF NO. 1-1]

Before the Court is Plaintiff Stephanie Gordon's Application for Leave to Proceed *in forma pauperis* (ECF No. 1) and Complaint (ECF No. 1-1). Plaintiff demonstrates an inability to pay her filing fee, but she does not state a claim upon which relief can be granted. Therefore, the Court grants her application to proceed *in forma pauperis* and orders that her complaint be dismissed without prejudice.

## IN FORMA PAUPERIS APPLICATION

Every potential plaintiff must pay a filing fee to commence a civil action in federal court. 28 U.S.C. § 1914(a). The Court may allow a plaintiff to proceed *in forma pauperis*, without prepayment of the filing fee, if the plaintiff can demonstrate an inability to pay or give security for the fee. 28 U.S.C. § 1915(a)(1). The presiding judge has discretion to determine whether the plaintiff is unable to pay or give security. *Lasko v. Hampton & Hampton Collections, LLC*, No. 2:15-cv-01110-APG-VCF, 2015 WL 5009787, at \*1 (D. Nev. Aug. 21, 2015). The judge bases this determination on the information submitted by the plaintiff. *Id*.

Plaintiff Gordon's *in forma pauperis* application states she has been unemployed since 2016 and homeless since February 13, 2018. (ECF No. 1 at 1). Plaintiff reports financial aid from the College of

Southern Nevada. (*Id*.). She receives $3047 for each academic semester (Fall, Spring, and Summer). (*Id*.). Plaintiff claims she spent most of her financial aid from the Summer 2019 session on her late brother's funeral expenses. (*Id*.). In expenses, Plaintiff claims student loans, which she will start paying after graduation. (*Id.*). She also claims outstanding tickets from the City of Henderson in the amount of $1557, not including damages. (*Id*. at 2). In assets, Plaintiff claims a 2009 Ford Escape, which she uses for shelter. (*Id*.). Overall, Plaintiff claims no monthly income other than her financial aid, which is intended for the expenses of education such as buying books. Because of Plaintiff's homeless status, her lack of employment, and her school expenses, this Court finds she has demonstrated an inability to pay the filing fee. Therefore, her application to proceed *in forma pauperis* (ECF No. 1) is granted.

## SECTION 1915(e) SCREENING

When the Court grants an *in forma pauperis* application, it must screen the case. 28 U.S.C. § 1915(e). The Court must dismiss a case if the action is legally frivolous or malicious, seeks monetary relief from a defendant who is immune from such relief, or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2). Relief can be granted on a claim if it contains sufficient facts that, when accepted as true, make the claim plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In making this determination, the presiding judge accepts all material allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039-42 (9th Cir. 1980).

### I. Background

Plaintiff Gordon's Complaint arises from a series of citations issued to her by the Henderson Police Department and other alleged interactions with police. (ECF No. 1-1 at 4, 5). Plaintiff alleges that in late February or early March 2019 a female officer erroneously issued Plaintiff a trespassing warning while Plaintiff was sleeping in her Ford. (*Id.* at 5). Plaintiff claims that on March 20, the same female officer erroneously issued her a ticket (reasons unspecified) when Plaintiff attempted to speak with a group of officers in a church parking lot. (*Id*.). On March 23rd, Plaintiff alleges someone tried to run her over in

the parking lot of a gas station. (*Id.*). Plaintiff alleges that more vehicles tried to hit her a few days later as she "was siting perfectly still." (*Id.*). Plaintiff received two more traffic tickets (reasons unspecified) within a week of these incidents. (*Id.*). Plaintiff alleges these tickets were a result of the Henderson Police putting Plaintiff "on the[ir] radar," after her contacts with the unnamed female officer. (*See id.*).

This Court has jurisdiction over this case because it arises under federal law. Federal courts have jurisdiction if the action arises under federal law. The District Court of Nevada is the correct venue because all the events or omissions giving rise to the claim occurred in the judicial District of Nevada. *See* 28 U.S.C. § 1391(b)(3).

**II.     Legal Claims**

Plaintiff alleges violations of:
1. Article 4, Section 2 of the U.S. Constitution;
2. 42 U.S.C. § 1985, Conspiracy to Interfere with Civil Rights;
3. 42 U.S.C. § 1986, Action for Neglect to Prevent Conspiracy;
4. 18 U.S.C. § 241, Conspiracy Against Rights;
5. 18 U.S.C. § 242, Deprivation of Rights Under Color of Law;
6. 18 U.S.C. § 245, Federally Protected Activities;
7. 18 U.S.C. § 249, Hate Crime Acts;
8. 18 U.S.C. § 371, Conspiracy to Commit Offence or Defraud the United States; and
9. 18 U.S.C. § 402, Contempts Constituting Crimes.

(ECF No. 1-1 at 3).

Plaintiff does not allege any facts showing how Article IV, Section 2 of the U.S. Constitution is implicated in her case. While Plaintiff seems at times to argue that transients are not covered as "citizens," it is too vague for the Court to understand. (*See* ECF No. 1-1 at 5).

//
//
//
//

Under 42 U.S.C. § 1985(3),

> If two or more persons in any State or Territory conspire…for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of laws, or of equal privileges or immunities under the laws…the party or person so deprived may have an action for the recovery of damages.

Plaintiff states no facts in her complaint alleging Defendants conspired, invited, or made agreements with one another to deprive Plaintiff of her Constitutional rights. Plaintiff does imply that her citations and negative interactions with police escalated after her initial encounter with the female officer when she states the officers put her, "on the[ir] radar," but *Iqbal* requires Plaintiff to make a claim that is not merely possible, but probable. (ECF No. 1-1 at 5); 556 U.S. 662 at 678. Under *Iqbal*, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citations omitted). While one could infer from Plaintiff's complaint a mere possibility that Defendants subjected Plaintiff to higher scrutiny, the complaint fails to allege sufficient facts to make a probable claim that the City of Henderson and the Henderson Police Department conspired to deprive her of her Constitutional rights.

Under 42 U.S.C. § 1986,

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in the preceding section [42 USCS § 1985], are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured.

As discussed above, Plaintiff has not made a plausible claim that a conspiracy has been committed. Plaintiff must state a claim for conspiracy under 42 USCS § 1985 before she can state a claim for Defendants' neglect or refusal to prevent that conspiracy under 42 U.S.C. § 1986.

Statues 18 U.S.C. § 241, 18 U.S.C. § 242, 18 U.S.C. § 245, 18 U.S.C. § 249, 18 U.S.C. § 371, and 18 U.S.C. § 402 are criminal statutes. Plaintiff cannot base civil claims on criminal statutes.

Under *Monell v. Dep't of Soc. Servs. of City of New York*, "[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held … on a *respondeat superior* theory." 436 U.S. 658, 691 (1978). Plaintiff does not sue any individual, but the city and police departments. Plaintiff must revise her complaint to either 1) allege a cause of action against some officers as individuals, or 2) allege facts showing that her harm was the result of an official municipal policy of either the City of Henderson or the Henderson Police Department. *Id*. at 692.

Construing all material allegations in the Complaint in the light most favorable to the Plaintiff, Plaintiff fails to state a claim upon which relief can be granted. The Court gives Plaintiff leave to amend her complaint against the Henderson Police Department and the City of Henderson for violations of her Civil Rights. Plaintiff must allege specific facts under each cause of action that make each claim plausible.

Accordingly, and for good cause shown,

IT IS ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff shall have until July26, 2019 to amend her complaint and file it with the Clerk of Court.

**<u>NOTICE</u>**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the

right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. Failure to comply with this Rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 2nd day of July, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE